IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>v.<br><br>MICHAEL F. SCARPONE;<br>KRISTINE I. SCARPONE,<br>   aka KRISTI SCARPONE;<br>YORK COUNTY, MAINE;<br>NEW CENTURY MORTGAGE<br>   CORPORATION;<br>DEUTSCHE BANK NATIONAL TRUST<br>   COMPANY, AS TRUSTEE FOR GSAMP<br>   TRUST 2006-S2, MORTGAGE<br>   PASS-THROUGH CERTIFICATES,<br>   SERIES 2006-S2; and,<br>DEUTSCHE BANK NATIONAL TRUST<br>   COMPANY, AS INDENTURE<br>   TRUSTEE, FOR NEW CENTURY<br>   HOME EQUITY LOAN TRUST 2005-3,<br>   *Defendants*. | Case No. XX-cv-XXXX-YYY-YYY |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401 and § 7403, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Defendant Michael F. Scarpone and (2) enforce the associated federal tax liens against real property belonging to Michael F. Scarpone. For its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Defendant Michael F. Scarpone resides in York County, Maine, within the jurisdiction of this Court.

3. Defendant Kristine I. Scarpone, also known as Kristi Scarpone, resides in York County, Maine, within the jurisdiction of this Court.

4. Defendant York County, Maine, is joined as a party to Count II because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

5. Defendant New Century Mortgage Corporation is joined as a party to Count II because it may have a lien or interest in the property described below.

6. Defendant Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-S2, Mortgage Pass-Through Certificates, Series 2006-S2, is joined as a party to Count II because it may have a lien or interest in the property described below.

7. Defendant Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-3, is joined as a party to Count II because it may have a lien or interest in the property described below.

8. The real property upon which the United States seeks to enforce its tax liens in Count II ("the Real Property") is owned by Michael F. Scarpone and located at 4 Deer Ridge Lane, Kittery, Maine 03904-5610, and has a legal description as follows:

> A certain lot or parcel of land, together with the buildings and improvements thereon, situate in the Town of Kittery, County of York and State of Maine, and being bounded and described as follows:

Beginning at an iron rod with a plastic protective logo cap situated on the northerly side of a sixty foot right-of-way and said rod being 338 feet from the westerly sideline of Remick's Lane; thence proceeding by the northerly sideline said right of way on a curve with a radius of 150 feet and an arc of 30.44 feet northwesterly to a point; thence continuing on said northerly sideline of the right of way North 87° 47' 59" West a distance of 119.56 feet to a 5/8 inch iron rod with a plastic protective logo cap to be set at remaining land now or formerly of said Andrews; thence turning and proceeding by remaining land now or formerly of said Andrews North 02° 26' 49" East a distance of 270.57 feet to an iron rod to be set in a stone wall at land now or formerly of the heirs of Abbott; thence turning and proceeding by the following courses along said land now or formerly of the heirs of Abbott and the stone wall South 87° 42' 24" East a distance of 28.86 feet, South 87° 57' 27" East a distance of 69.46 feet, and South 87° 00' 25" East a distance of 51.39 feet to an existing iron rod set in said stone wall at land now or formerly of said Andrews; thence turning and proceeding by land now or formerly of Andrews South 02° 59' 35" East a distance of 266.92 feet to an iron rod and the place of beginning.

Said parcel contains 40,473 square feet.

The above parcel is shown on a plan entitled "Plan of a Portion of Land of Arthur W. and Roseann Andrews, Showing Parcel C, off Remick's Lane, Kittery, Maine" prepared by Civil Consultants, dated February 6, 1987, and recorded in Plan Book 153, Page 34 at the York County Registry of Deeds.

Also conveyed herein is an easement for ingress and egress and utility services as provided in the easement deed from Arthur W. Andrews and Roseann Andrews to Arthur W. Andrews, Jr., dated December 1, 1993, recorded at Book 6838 Page 330, York County Registry of Deeds.

Prior Deed References:   Meaning to describe the property conveyed to Michael F. Scarpone and Kristine I. Scarpone by Warranty Deed of Arthur W. Andrews, Jr., dated January 5, 2001, and recorded with the York County Register of Deeds at Book 10388, Page 291, on January 9, 2001; also meaning to describe the property conveyed to Michael Scarpone by Quit Claim Deed of Kristi Scarpone, dated May 22, 2015, and recorded with the York County Register of Deeds at Book 17024, Page 332, on May 27, 2015.

9.      The Real Property was conveyed to Michael F. Scarpone and Kristine I. Scarpone, then husband and wife, from Arthur W. Andrews, Jr., by Warranty Deed, dated January 5, 2001, and recorded with the York County Registry of Deeds as document number 001006 at Book 10388, Page 291, on January 9, 2001.

10. On May 22, 2015, Kristine I. Scarpone, also know as Kristi Scarpone, conveyed her entire interest in the Real Property to Michael F. Scarpone via Quit Claim Deed, recorded with the York County Registry of Deeds as document number 2015019200 at Book 17024, Page 332, on May 27, 2015.

## COUNT ONE
### (Claim Against Michael F. Scarpone to Reduce Income Tax Liabilities to Judgment)

11. A delegate of the Secretary of the Treasury made assessments against Michael F. Scarpone for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of December 16, 2025, including assessed and accrued late-payment penalties under 26 U.S.C. § 6651 and penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying all abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Amount Assessed | Balance Due 12/16/2025 |
|---|---|---|---|
| 12/31/2013 | 06/02/2014 | $17,004.00 | $30,267.84 |
| 12/31/2014 | 06/08/2015 | $13,317.00 | $27,399.37 |
| 12/31/2016 | 11/06/2017 | $13,798.00 | $13,308.46 |
| 12/31/2017 | 11/19/2018 | $28,529.00 | $44,728.36 |
| 12/31/2018 | 11/18/2019 | $18,056.00 | $31,819.32 |
| 12/31/2019 | 08/17/2020 | $20,114.00 | $34,375.72 |
| 12/31/2022 | 11/06/2023 | $38,277.00 | $36,404.43 |
| 12/31/2023 | 12/23/2024 | $19,609.00 | $11,073.02 |
| | Total | $168,704.00 | $229,376.52 |

12. Notice of the liabilities described in ¶ 11 was given to, and payment demanded from, Michael F. Scarpone.

13. Despite proper notice and demand, Michael F. Scarpone failed, neglected, or refused to fully pay the liabilities described in ¶ 11, and after the application of all abatements,

payments, and credits, he remains liable to the United States in the amount of $229,376.52, plus statutory additions including interest accruing from and after December 16, 2025.

14. Michael F. Scarpone submitted an offer in compromise pursuant to 26 U.S.C. § 7122 which included the income tax periods ending on December 31, 2013, and December 31, 2014. That offer in compromise was pending from January 11, 2021, until it was rejected on August 16, 2022.

15. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax (the Collection Statute Expiration Date or "CSED"), this action has been timely commenced under 26 U.S.C. § 6502 because the statutes of limitations for the income tax periods ending on December 31, 2013, and December 31, 2014, were tolled pursuant to 26 U.S.C. § 6331(i) and (k).

## COUNT TWO
### (Claim Against All Parties to Enforce Federal Tax Liens Against Real Property)

16. Michael F. Scarpone obtained full title to the Real Property by deeds dated January 5, 2001, and May 22, 2015, as detailed in ¶¶ 9 and 10.

17. Because Michael F. Scarpone neglected, refused, or failed to pay the liabilities described in ¶ 11 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property belonging to Michael R. Scarpone, including the Real Property.

18. Notices of Federal Tax Lien (NFTL") were filed and refiled with the Registry of Deeds in York County, Maine, in accordance with 26 U.S.C. § 6323(f) and (g) as follows:

| Type of Tax | Tax Periods Ending | Date NFTL Filed/Refiled |
|---|---|---|
| Self-Reported Income Tax | 12/31/2013 | 10/4/2014; 09/18/2023 |
| Self-Reported Income Tax | 12/31/2014 | 03/14/2016; |

|  |  | 03/03/2025 |
|---|---|---|
| Self-Reported Income Tax | 12/31/2016 | 07/02/2018 |
| Self-Reported Income Tax | 12/31/2017 | 05/02/2019 |
| Self-Reported Income Tax | 12/31/2018 | 02/10/2020 |
| Self-Reported Income Tax | 12/31/2019 | 07/24/2023 |
| Self-Reported Income Tax | 12/31/2022 | 01/26/2024 |
| Self-Reported Income Tax | 12/31/2023 | 02/19/2025 |

19. The United States is entitled to enforce the federal tax liens described in ¶ 19 against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to York County, Maine, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that another party timely appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest.

WHEREFORE, the Plaintiff United States of America requests the following relief:

A. Judgment in favor of the Plaintiff United States of America and against the Defendant Michael F. Scarpone for income tax liabilities for the periods ending December 31, 2013; December 31, 2014; December 31, 2016; December 31, 2017; December 31, 2018; December 31, 2019; December 31, 2022; and December 31, 2023, in the amount of $229,376.52, plus statutory additions accruing from and after December 16, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in ¶ A on the Real Property;

C.  An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Real Property; second, to the Defendant York County, Maine, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the Plaintiff United States to pay the liability described in ¶ A, except to the extent that another party appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest;

D.  That the Court determine that the failure by any Defendant other than the Defendants Michael F. Scarpone and York County, Maine, to timely appear in this civil action and plead a right, title, claim, lien or interest in the Real Property shall result in a default being entered against that party, and a default judgment finding that the Real Property may be sold free and clear of all of the defaulting party's right, title, claim, lien or interest in the Real Property and that the defaulting party has no right, title, claim, lien, or other interest in the proceeds from any sale of the Real Property ordered by this Court; and,

E.  That the Plaintiff United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Dated: December 22, 2025

                                                Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General

                                                JOSHUA WU

Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
Telephone:   202-514-6508
Fax:   202-514-5238
Danielle.Sumner@usdoj.gov
*Counsel for Plaintiff*

Of Counsel:
CRAIG M. WOLFF
Acting United States Attorney